# BALTIMORE CITY COURT.

Filed November 18, 1916.

### ISRAEL DACHSLAGER
### VS.
### THE GARDEN COMPANY, A BODY CORPORATE.

*Ellis Levin* for plaintiff.
*H. Webster Smith* for defendant.

STANTON, J.—

The declaration in this case sets forth a complaint arising out of the revocation of the privileges of a dance hall, for which a theatre ticket had been purchased by the plaintiff from the defendant. The defendant conducts a theatre, and in connection with the theatre a dance hall is operated on the upper floor of the building, known as a Roof Garden. It was to this latter place on the premises, that the plaintiff obtained a ticket, and after entering was requested or ordered to leave the premises. He did not refuse to leave the dance hall when requested, or ordered to do so by the agents or servants of the defendant, but on the contrary merely protested, and thereafter left the premises. There is no element of assault and battery in the case by reason of excessive force using in removing or ejecting him. Indeed the case does not involve actual assault and battery in any aspect, at least the declaration does not so allege in terms.

By the uniform weight of authority it has been held that a ticket to a theatre is a mere license, revocable by the owner of the theatre at any time the proprietor elects, and when the ticket is revoked, the only remedy of the holder of the ticket is an action ex contractu. If the owner commits an assault at the time of the revocation of the license, a different cause of action arises.

The declaration in this case sounds in tort, but it is not clear that the first count seeks to set forth an assault and battery, and for this reason it is vague and indefinite. The defendant is a corporation, and in order to compel it to respond in damages for assault and battery by its employees, such facts as will show liability must appear in the declaration.

For the reasons the demurrer as to each count of the declaration will be sustained, with leave to amend within fifteen days.